*317 OPINION.
TeamMelu :
The only question presented is whether the statute of limitations bars the collection of the deficiency.
In this case the assessment of the deficiency was made in March, 1923, prior to the enactment of the Revenue Act of 1924. The five-year period of limitation applicable to the assessment and collection thereof expired on May 2, 1923. At the time of the enactment of the Eevenue Act of 1924, both the assessment and collection of the tax wore barred by the statute of limitations. Bowers v. New York & Albany Lighterage Co., 273 U. S. 346.
The notice to the petitioner of the rejection of the claim in abatement was mailed on May 26,1926, and the petition was filed with the Board on July 24, 1926. On December 3, 1927, the collection waiver set forth in the findings of fact was executed.
Except for the collection waiver filed as aforesaid, it seems that there could be no question but that the collection was barred. The real question here is the effect of the collection waiver which was filed on December 3,1927.
The respondent takes the position that the Revenue Act of 1928, which repealed section 1106 of the Revenue Act of 1926, had the *318 effect of removing retroactively section 1106 to the same effect as if it had never been enacted and that this brings the situation within the scope of our decision in the Joy Floral Co., 7 B. T. A. 800.
We are unable to agree with this position. On this point we think that section 278 (e) is controlling. That section provides as follows:
(e) This section shall not bar a distraint or proceeding in court begun before the enactment of the Revenue Act of 1924; nor shall it authorize the assessment of a tax or the collection thereof by distraint or by proceeding in court (1) if at the time of the enactment of this Act such assessment, distraint or proceeding was barred by the statutory period of limitation properly applicable thereto, unless prior to the enactment of this Act the Commissioner and the taxpayer agreed in writing thereto, or (2) contrary to the provisions of subdivision (a) of section 274 of this Act.
At the time of the enactment of the Revenue Act of 1926 the collection of the tax was already barred by the statutory period of limitation properly applicable thereto and the Commissioner and the taxpayer did not agree in writing prior to the enactment of the Revenue Act of 1926 to any extension of time for the collection of the tax after the expiration of the statutory period. Subdivision (e) of section 278 is a limitation upon all the other provisions of section 278 of the Revenue Act of 1926, and under that subdivision any consent or agreement by the Commissioner and the taxpayer with respect to the assessment or collection of the tax must be made prior to the enactment of that Act in order to have effect, provided at the time of the enactment of the Act the assessment or collection was barred. This being true, it is not necessary for us to discuss the effect of the repeal of section 1106 of the Revenue Act of 1926 by the Revenue Act of 1928, nor is it necessary for us to discuss the applicability of our decision in the Joy Floral Co. case.
In view of the foregoing, it is our opinion that the collection of the deficiency is barred by the statute of limitations.

Judgment will be entered for the petitioner.